IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PURNELL R. NELSON, :
:
    Plaintiff :
: CIVIL NO. 1:CV-09-2205
  vs. :
: (Judge Caldwell)
DAUPHIN COUNTY PRISON, *et al.*, :
:
    Defendants :


*M E M O R A N D U M*

I.   *Introduction*

      The pro se plaintiff, Purnell Nelson, an inmate at the Dauphin County Prison (DCP), Harrisburg, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Nelson also has filed an application to proceed in forma pauperis. Nelson claims he was illegally arrested, detained and then illegally resentenced after he was arrested by his parole agent on false charges of marijuana possession and use. The DCP, the Commonwealth of Pennsylvania, and Kamila Peters are named as defendants.

      Based on the request to proceed in forma pauperis, the case is before the court for screening pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

II. *Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a case filed in forma pauperis if we determine that it "fails to state a claim on which relief may be granted." In applying this statutory requirement, the court relies on the standard employed to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). That Rule authorizes dismissal of a complaint on basically the same ground, "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, _ U.S. _, _, 129 S.Ct. 1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

Pro se pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167

L.Ed.2d 1081 (2007). Pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

III. *Background*

Nelson alleges that in May 2009, his probation officer, Kamila Peters, and unidentified police officers illegally arrested him for a probation violation. (Doc. 1, Compl.) Nelson claims his landlord informed Ms. Peters that Nelson had marijuana in his possession. (*Id.*) Nelson was subsequently arrested and detained in the DCP for a period of two months "for illegal use of marijuana". (*Id.*) Nelson was "resentenced (1) one extended probation June 30, 2009, released from DCP on July 22, 2009." (*Id.*) Nelson claims his freedom was curtailed "without merit, no probable cause, and no circumstantial evidence to support allegations of drug use." (*Id.*) Nelson seeks monetary compensation for the illegal arrest and detention on false drug charges. (*Id.*)

IV.  *Discussion*

Nelson claims defendants improperly arrested and detained him at the DCP and unlawfully extended his probation by one year as a result of false allegations that he was in possession of, or using, marijuana. (Doc. 1, Compl.) In light of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the claim lacks merit.

In *Heck*, the United States Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.

Although *Heck* was decided in the context of a prisoner who was essentially attacking his conviction, the reasoning in *Heck* has been extended to plaintiffs who attack their parole decisions. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006). Upon examining the precise nature of Nelson's challenge, which attacks the results of his probation-violation hearing and not the procedures used at that hearing, the court holds that any finding in Nelson's favor in this action would imply the invalidity of his parole-violation proceedings in Dauphin County.[1] Consequently, the complaint fails to state a claim, and no claim will accrue unless and until the results of the probation-revocation

---

[1] In making this determination the Court focuses on Nelson's allegations that he was the subject of an "illegal arrest" and "illegal sentence."

-4-

proceedings have been overturned or otherwise determined to be invalid.[2]  Thus, Nelson's complaint will be dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

We will issue an appropriate order.


/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 24, 2009

---

[2] Our ruling applies even if the two-month period Plaintiff alleges he was illegally detained in the DCP was without procedural safeguards.  *See Hess v. Chronister*, 247 Fed. Appx. 377, 378, 380 (3d Cir. 2007)(per curiam)(nonprecedential)(*Heck* bars a claim that the plaintiff was detained on a parole-revocation charge without being notified of the charges against him or a parole-revocation hearing since success on the claim "would necessarily imply that his confinement was invalid").

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PURNELL R. NELSON,
:
    Plaintiff
:
: CIVIL NO. 1:CV-09-2205
  vs.
:
: (Judge Caldwell)
DAUPHIN COUNTY PRISON, *et al.*,
:
    Defendants
:

## *O R D E R*

AND NOW, this 24th day of November, 2009, upon review of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), it is ordered that:

    1. Plaintiff's motion to proceed in forma pauperis (doc. 2) is granted.

    2. Plaintiff's complaint is hereby dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) as it fails to state a claim for which relief can be granted.

    3. Any appeal from this order would not be in good faith.

    4. The Clerk of Court shall close this file.

                                             /s/William W. Caldwell
                                             William W. Caldwell
                                             United States District Judge